# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATHAN WILLIAMS (#118749)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DARREL VANNOY, ET AL.** | **NO. 14-0457-BAJ-RLB** |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 26, 2015.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NATHAN WILLIAMS (#118749)**  CIVIL ACTION

**VERSUS**

**DARREL VANNOY, ET AL.**  NO. 14-0457-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Darrel Vannoy, Bruce Coston, Ivory Miller and Thomas Lawson, complaining that his constitutional rights were violated on December 8, 2013, when defendant Lawson told two correctional officers, in the presence of other inmates, that the plaintiff was a "rat" or informant. The plaintiff thereafter complained to supervising officials about defendant Lawson's wrongful conduct, and the plaintiff asserts that nothing was done beyond issuing a reprimand to defendant Lawson. In addition, whereas the plaintiff filed an administrative grievance on about December 21, 2013, he complains that prison officials did not respond thereto until long after the 40-day deadline provided by prison rules and that defendant Ivory Miller thereafter refused to allow the plaintiff's to proceed to the next step of the administrative process. The plaintiff acknowledges, however, that prison officials ultimately investigated his administrative grievance, concluded that the grievance was valid, and both "reprimanded" defendant Lawson and issued the defendant a "disciplinary report" because of the defendant's wrongful conduct.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a

claim upon which relief may be granted.  An action or claim is properly dismissed under these statutes if the claim lacks an arguable basis either in fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33.  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez, supra*, 504 U.S. at 32.  A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

The plaintiff's Complaint fails to state a claim cognizable in this Court.  First, the plaintiff's allegations may be interpreted as asserting a claim that the defendants failed to protect him from harm, specifically when defendant Lawson made a statement in the presence of co-inmates that the plaintiff was a "rat" and when the other defendants failed to take appropriate action after being informed of defendant Lawson's wrongdoing.  These allegations, however, without more, are not sufficient to establish liability in connection with this claim.  Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from threats of harm or violence at the hands of other inmates.  *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986); *Jones v. Diamond*, 636 F.2d 1364, 1373 (5th Cir. 1981).  Specifically, prison officials "have a duty ... to protect prisoners from violence at the hands of other inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  However, in order for there to be liability in connection with this cause of action, there must have existed an intent on the part of

security officers to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. *Johnston v. Lucas, supra*, 786 F.2d at 1259. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. *Farmer v. Brennan, supra*, 511 U.S. at 837 (noting that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"). The deliberate indifference standard sets a very high bar, and a claim of mere negligence in failing to protect an inmate from harm is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). The courts have concluded, however, that the Eighth Amendment duty to protect inmates from harm can be violated when a prison official acts with deliberate indifference by exposing a prisoner to physical assault through labeling the inmate a "snitch" to other inmates. *See Schreane v. Beemon*, 575 Fed. Appx. 486, 492 (5th Cir.), *cert. denied*, __ U.S. __, 135 S.Ct. 762 (2014), *citing Adames v. Perez*, 331 F.3d 508, 515 (5th Cir. 2003).

In the instant case, applying the foregoing standard, the Court finds that the plaintiff's claim fails as a matter of law because the plaintiff has failed to allege that he sustained any harm or injury as a result of the defendants' actions. Numerous cases have addressed this issue in this context and have concluded that the dismissal of an inmate's failure-to-protect claim is warranted, even as frivolous, when no harm or injury has been suffered as a result of the defendants' conduct. *See Walzier v. McMullen*, 333 Fed. Appx. 848, 851 (5th Cir. 2009) (upholding summary judgment in favor of the defendants where there was no proof of any harm and, "[a]bsent a showing that other inmates harmed [the plaintiff], there is no factual basis for a failure to protect claim"); *Castellano v. Treon,* 79 Fed. Appx. 6, 7 (5th Cir. 2003) (upholding the dismissal of an inmate's failure-to-protect claim as frivolous where the plaintiff conceded that

"he suffered no actual physical injury resulting from the prison officials' purported failure to protect"); *Wilson v. King*, 2015 WL 1427479, *6 (S.D. Miss. Mar. 27, 2015) (dismissal as frivolous where the inmate plaintiff "admit[ted] that he suffered no physical injury"); *Lilly v. Webb*, 2008 WL 5412374, *4 (E.D. Tex. Dec. 29, 2008) (dismissal after an evidentiary hearing where the inmate plaintiff did not "indicate that he suffered any harm"); *White v. Fox*, 2005 WL 2218142, *6 (E.D. Tex. Sept. 12, 2005) (dismissal after a preliminary evidentiary hearing where the inmate plaintiff "conceded that no harm came to him as a result [of being labeled a snitch]"), *reversed on other grounds*, 294 Fed. Appx. 955 (5th Cir. 2008). In the instant case, the plaintiff makes no allegation that he suffered any injury or harm as a result of the defendants' actions. Further, the plaintiff does not allege that he has requested protective custody from the defendants, that he has since been harassed or threatened with harm by co-inmates, or that he lives in fear of attack because of the defendants' actions. Finally, the plaintiff has acknowledged that supervisory officials at the prison ultimately undertook action that they deemed to be appropriate in response to the plaintiff's complaint, including reprimanding defendant Lawson for making the referenced comments and allegedly issuing the defendant a disciplinary report as a result thereof. Whereas the plaintiff complains that this punishment amounted to a mere "slap on the wrist" and that defendant Lawson's employment at DCI should instead be terminated, the plaintiff does not have a right to determine an appropriate punishment for the defendant's conduct, and this Court does not have the authority to terminate the employment of persons employed by the State of Louisiana. Accordingly, the plaintiff's claim relative to the defendants' alleged failure to protect him from harm is without merit and should be dismissed.[1]

---

1. In addition, the Court notes that the plaintiff would be barred from the recovery of compensatory damages in this case in any event by reason of 42 U.S.C. § 1997e(e). Pursuant to this statute, a prisoner plaintiff is prohibited from recovering compensatory damages for mental or emotional injury in the absence of some showing of physical injury. The plaintiff has not

In addition to the foregoing, the plaintiff has asserted a claim regarding the alleged mishandling of the administrative grievance that he filed in connection with the wrongdoing of defendant Lawson. According to the plaintiff, this mishandling included both an alleged inordinate delay in providing an initial response to the grievance at the First Step of the administrative process and the alleged failure of defendant Ivory Miller to allow the plaintiff to proceed to the next stage of administrative review. However, the law is clear that an inmate does not have a cognizable claim in this Court relative to the denial or mishandling of his prison administrative claims. Specifically, the plaintiff does not have a constitutional right to have his administrative claims investigated, handled, or favorably resolved, *Mahogany v. Miller*, 252 Fed. Appx. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id.* at 373-74. Accordingly, although the plaintiff complains that the defendants delayed 140 days before providing him with an initial response to his grievance, and although the plaintiff complains that defendant Miller obstructed the plaintiff's right to seek additional review, this claim is without legal or factual foundation and should be dismissed.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court

---

sufficiently alleged that he has sustained any physical injury as a result of the defendants' purported wrongdoing. Whereas the plaintiff might still be able to recover nominal or punitive damages, he would be required to make a showing that the defendants intentionally violated his constitutional rights. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having considered the allegations of the plaintiff's Complaint and having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction in connection with the plaintiff's potential state law claims and this action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on June 26, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

2. Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."